# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

JOHN ARTHUR MORRIS, :
:
    Petitioner, :
VS. :
: NO. 4:18-CV-00110-CDL-MSH
SHERIFF DONNA TOMPKINS, :
:
    Respondent. :
_____ :

## ORDER

*Pro se* Petitioner John Arthur Morris filed a federal petition that was docketed as a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1). Because it was unclear whether Petitioner intended the documents filed in the above-captioned action to serve as a challenge to his pretrial detention under § 2241 or whether he intended for them to serve as an appeal in a case Petitioner previously filed under 42 U.S.C. § 1983, however, the United States Magistrate Judge ordered Petitioner to respond and clarify his intent in this case. Order, July 24, 2018, ECF No. 7.

Petitioner ultimately confirmed his intent to proceed with this case as an independent § 2241 action. The Magistrate Judge therefore reviewed Petitioner's motions to proceed *in forma pauperis* and determined that Petitioner should be able to pay the Court's filing fee. Petitioner was accordingly denied leave to proceed *in forma pauperis* and ordered to pay the $5.00 fee. Petitioner was also advised that if circumstances had changed, and he was no longer able to pay the fee as ordered, he should file a renewed motion for leave to proceed *in forma pauperis* explaining his inability to pay. Petitioner

was given twenty-one (21) days to comply, and he was warned that his failure to fully and timely comply could result in the dismissal of his Petition. Order, Sept. 14, 2018, ECF No. 10.

The time for compliance passed without a response from the Petitioner. Petitioner was thus ordered to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Petitioner was given twenty-one (21) days to comply, and he was again advised that failure to respond would result in the dismissal of his Petition. Order, Nov. 2, 2018, ECF No. 11.

The time for compliance has again passed without a response from Petitioner. Petitioner's failure to fully and timely comply with the Court's orders and instructions is grounds for dismissal of his case. *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case). Petitioner's Petition is therefore **DISMISSED without prejudice.**

**SO ORDERED**, this 3rd **day** of **January, 2019**.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA